UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| TARINA SHANTAYNE SIMMONS | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:13-0436 |
| | ] | Judge Trauger |
| SHARON TAYLOR, WARDEN | ] | |
| Respondent. | ] | |


## M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Mark Luttrell Reception Center in Memphis, Tennessee. She brings this action pursuant to 28 U.S.C. § 2254 against Sharon Taylor, Warden of the facility, seeking a writ of habeas corpus.

### I. Background

On March 12, 2010, the petitioner entered a best interest plea to two counts of second degree murder in the Criminal Court of Davidson County. Docket Entry No.2 at pgs.22-23. For these crimes, she received an aggregate sentence of thirty five (35) years in prison. *Id.* Having pled guilty, there was no direct appeal of the convictions taken by the petitioner.

Later, the petitioner filed a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. *Id.* at pg.3. Following the appointment of counsel and an evidentiary

hearing, the trial court denied the post-conviction petition. *Id.* On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No.11-1. The Tennessee Supreme Court then rejected petitioner's application for further post-conviction review. Docket Entry No.11-2.

## II. Procedural History

On May 3, 2013, the petitioner filed the instant petition (Docket Entry No.1) for federal habeas corpus relief.[1] The petition contains four claims for relief. These claims include

1) the petitioner was denied the effective assistance of counsel;[2]

2) the petitioner was given an illegal sentence;

3) the petitioner's best interest plea was involuntary; and

4) judicial misconduct.

Upon its receipt, the Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.4) was entered directing the respondent to file an answer, plead

---

[1] The petition was stamped by the Clerk's Office as received on May 8, 2013. A pleading from a prisoner, though, is deemed filed on the day that it was given to a prison official for posting. Houston v. Lack, 487 U.S. 266 (1988). In this case, the petitioner avers that her petition was given to prison officials for posting on May 3, 2013. *See* Docket Entry No.1 at pg.15.

[2] The petitioner was represented by David Collins, a member of the Davidson County Bar.

or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court is the respondent's Motion to Dismiss (Docket Entry No.11), to which the petitioner has offered no response. Having carefully considered this pleading and the record as a whole, it appears that an evidentiary hearing is not needed to resolve the respondent's Motion at this time. Therefore, the Court shall dispose of the respondent's Motion to Dismiss as the law and justice require. Rule 8, Rules - - § 2254 Cases.

### III. Timeliness of the Claims

In the Motion to Dismiss, the respondent argues that this action is untimely. A one year period of limitation has been placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[3]

The petitioner pled nolo contendere on March 12, 2010. She did not seek a direct appeal of the convictions. The time for filing a direct appeal expired thirty (30) days after the petitioner was

---

[3] 28 U.S.C. § 2244(d) actually provides that the limitation period will begin to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

3

sentenced, Rule 4(a), Tenn. R. App. P., rendering her convictions final on April 12, 2010. Therefore, the petitioner had until April 12, 2011 in which to seek federal habeas corpus relief.

After two hundred seven days had past, on November 4, 2010, the petitioner filed a timely petition for state post-conviction relief.[4] Docket Entry No.2 at pg.3. This filing had the effect of tolling the limitation period during the time that the post-conviction proceeding remained pending in the state courts. 28 U.S.C. § 2244(d)(2).

On June 20, 2012, the Tennessee Supreme Court rejected the petitioner's application for further review of his post-conviction petition, Docket Entry No.11-2, thus concluding the petitioner's state post-conviction proceedings. When the state court proceedings that tolled the limitation period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew. DiCenzi v. Rose, 452 F.3d 465, 468-469 (6th Cir. 2006). As a consequence, having already expended two hundred seven (207) days of the limitation period, the petitioner was left with one hundred fifty eight (158) days remaining (365 days - 207 days), or until November 25, 2012, in which to initiate the instant

---

[4] The 207 days are calculated as follows : 19 days (4/12/10 - 4/30/10) + 31 days (5/10) + 30 days (6/10) + 31 days (7/10) + 31 days (8/10) + 30 days (9/10) + 31 days (10/10) + 4 days (11/1/10 - 11/4/10) = 207 days.

action.[5]

As noted above, the habeas corpus petition initiating this action was filed on May 3, 2013, more than five months after the limitation period had expired. Accordingly, the instant action was not filed in a timely manner.

**IV. Equitable Tolling of the Limitation Period**

At first blush, then, it appears that the respondent's Motion to Dismiss has merit. Nevertheless, the limitation period does not act as a jurisdictional bar. Consequently, the one year limitation period is subject to equitable tolling in appropriate circumstances. Griffin v. Rogers, 399 F.3d 626, 631 (6th Cir.2005). The doctrine of equitable tolling, however, should be applied sparingly. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir.2001).

The petitioner bears the burden of showing that she is entitled to an equitable tolling of the limitation period. Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir.2005). To satisfy this burden, the petitioner must establish (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance has stood in her way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

In this regard, the petitioner has not specifically addressed the issue of an equitable tolling of the limitation period. In

---

[5] The 158 days are calculated as follows : 10 days (6/21/12 - 6/30/12) + 31 days (7/12) + 31 days (8/12) + 30 days (9/12) + 31 days (10/12) + 25 days (11/1/12 - 11/25/12) = 158 days.

5

fact, the petitioner avers that her habeas corpus petition was "filed in a timely manner within statutory guidelines". Docket Entry No.1 at pg.14. Nevertheless, the petitioner has alleged that she suffers from a psychological impairment. Docket Entry No.2 at pg.1. In addition, she offers "newly discovered evidence" of her innocence. *Id.* at pgs.15-27.

The petitioner claims that she "was diagnosed with manic depression, bi-polar disorder, and severe delusions." *Id.* at pg.9. Mental incapacity can constitute the type of extraordinary circumstance that would justify an equitable tolling of the limitation period. See Biester v. Midwest Health Service, Inc., 77 F.3d 1264,1268 (10th Cir.1996).

Of further note is that the Supreme Court, in a recent opinion, has held that a credible showing of actual innocence may allow a prisoner to pursue her constitutional claims on the merits notwithstanding the untimeliness of the habeas corpus petition. McQuiggin v. Perkins, 2013 WL 2300806 (5/28/13). To invoke actual innocence as an exception to the limitation period, the petitioner must show that it is more likely than not that no reasonable juror would have convicted her in light of the new evidence. *Id.* at pg.11.

The petitioner did not go to trial. She chose instead to enter a best interest plea to reduced charges. Her newly discovered evidence consists of four sworn affidavits from prisoners who

suggest that the petitioner was not involved in the murders. Docket Entry No.2 at pgs.25-28. Additionally, the petitioner has learned that her attorney was suffering from throat cancer and was receiving treatment for that condition at the time she entered her plea. *Id.* at pg.12.

The petitioner's "newly discovered evidence" may not, in and of itself, establish her actual innocence. However, when coupled with the petitioner's mental impairments, they are sufficient to constitute the type of extraordinary circumstance needed to qualify the petitioner for an equitable tolling of the limitation period.

Accordingly, the Court finds that the limitation period in this instance was equitably tolled so as to allow the late filing of this action. For that reason, the respondent's Motion to Dismiss will be denied.

An appropriate order will be entered. Rule 8(a), Rules - - - § 2254 Cases.

_____
Aleta A. Trauger
United States District Judge