UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TARINA SHANTAYNE SIMMONS ]<br>    Petitioner, ]<br>    ]<br>v. ]<br>    ]<br>SHARON TAYLOR, WARDEN ]<br>    Respondent. ] | No. 3:13-0436<br>Judge Trauger |

# O R D E R

The respondent filed a Motion to Dismiss (Docket Entry No. 11) the instant *pro se* § 2254 habeas corpus action, asserting that it was time-barred.

Upon consideration of respondent's Motion, the Court agreed that this action had not been filed in a timely manner. However, it was found that the petitioner's psychological issues, coupled with some "newly discovered evidence", was sufficient to equitably toll the running of the limitation period. Thus, an order (Docket Entry No. 17) was entered denying the respondent's Motion to Dismiss and directing her to file an answer, plead, or otherwise respond to the petitioner's claims.

Presently before the Court are respondent's Motion for Relief from Order Denying the Motion to Dismiss (Docket Entry No. 20) and petitioner's Response to the respondent's Motion for Relief (Docket Entry No. 31).

A prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file a petition for federal habeas corpus relief. 28 U.S.C. §

1

2244(d)(1)(A).[1]

The petitioner's convictions became final on April 12, 2010. Taking into account the statutory tolling of the limitation period when the petitioner began post-conviction proceedings, the limitation period expired on November 25, 2012. This action did not commence until May 3, 2013. Therefore, the Court and both parties seem to agree that this action was not filed in a timely manner. The only question remaining, then, is whether the petitioner is entitled to an equitable tolling of the limitation period sufficient to save this action from its untimeliness.

The doctrine of equitable tolling should be applied sparingly. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001). The petitioner bears the burden of persuading the Court that she is entitled to equitable tolling of the limitation period. Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002). To carry this burden, the petitioner must establish (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance has stood in her way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The petitioner "asserts such due diligence in the discovery of new evidence as well as her mental impairment create the extraordinary circumstance necessary to qualify for equitable tolling of the limitation period." Docket Entry No. 31 at pgs. 1-2.

In a recent Supreme Court decision, it was held that a credible showing of actual innocence may allow a prisoner to pursue her constitutional claims on the merits notwithstanding the

---

[1] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case. The Court notes that the petitioner does mention in her Response another date enumerated in § 2244(d), i.e., the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence. Docket Entry No. 31 at 1. The petitioner discusses this date, however, in the context of equitable tolling rather than as the starting date for the running of the limitation period. *Id.* at pgs. 1-2.

untimeliness of the habeas corpus petition. McQuiggin v. Perkins, 133 S.Ct. 1924 (2013). The petitioner has obtained newly discovered evidence consisting of four affidavits that she believes establishes her actual innocence of the crimes for which she pled guilty. Docket Entry No. 2 at pgs. 25-28.

In order to invoke actual innocence as a means to excuse the untimely filing of a habeas corpus petition, the petitioner must provide evidence showing that it is more likely than not that no reasonable juror would have convicted her. *Id.* at 133 S.Ct. 1935. The affidavits are from state prisoners, which would bring their credibility into question. They consist, for the most part, of hearsay and do not specifically mention the crimes for which the petitioner stands convicted. Moreover, the affidavits are tainted by the fact that the petitioner, by pleading guilty, has not always maintained her innocence.[2] As a result, the Court can not say that, based upon the petitioner's newly discovered evidence, it is more likely than not that no reasonable juror would have convicted the petitioner.

The petitioner also argues that her mental impairment constitutes a sufficient basis for equitable tolling of the limitation period. The petitioner claims that she has been diagnosed with manic depression, bi-polar disorder, and severe delusions. Docket Entry No. 2 at pg. 9.

A petitioner's mental incapacity, which prevents the timely filing of a habeas corpus petition, is an extraordinary circumstance that may equitably toll a limitation period. Ata v. Scutt, 662 F.3d 736,742 (6th Cir.2011). To establish such a circumstance, the petitioner must demonstrate that she is mentally incompetent and that her incompetence caused her failure to file in a timely manner. *Id.*

---

[2] Despite having entered a best interest plea, petitioner's attorney testified at the post-conviction evidentiary hearing that the petitioner admitted to him and his assistant "that she had benefitted in the proceeds of the crime." Docket Entry No.11-1 at pg. 5.

In short, a blanket assertion of mental incompetence is not sufficient to invoke equitable tolling. The petitioner must show a causal link between her mental incompetence and her untimely habeas corpus petition.

The petitioner's proof of mental incompetence, other than her own declarations, consist of a letter to the trial judge from medical professionals stating that the petitioner was competent to stand trial, Docket Entry No. 2 at pg. 24, an affidavit from a teacher's aide at her prison, *Id.* at pg. 29, and a Memorandum from her GED instructor at the prison. *Id.* at pg. 30.[3] The petitioner has offered nothing from a medical professional attesting to her inability to file a timely habeas corpus petition due to any mental impairment. Without such evidence, the petitioner is unable to show a causal link between her mental incompetence and the untimely filing of her petition. The evidence before the Court is wholly insufficient to establish that the petitioner was so mentally debilitated that she was unable to file a timely habeas corpus petition.

Accordingly, the Court finds that the petitioner has failed to make an adequate showing of entitlement to an equitable tolling of the limitation period. For that reason, the Court GRANTS the respondent's Motion for Relief from Order Denying the Motion to Dismiss. The order (Docket Entry No.17) denying the respondent's Motion to Dismiss is VACATED. Respondent's Motion to Dismiss the instant action as untimely is GRANTED and this action is hereby DISMISSED.

Should the petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c), which will NOT issue because the untimeliness of this action has made it impossible for the petitioner to make a substantial

---

[3] At her post-conviction evidentiary hearing, the petitioner recalled that the trial judge specifically questioned her about her medications and that she answered that she was fine to make decisions. Docket Entry No. 11-1 at 4.

showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge