UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| TARINA SHANTAYNE SIMMONS | ] | |
|---|---|---|
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:13-0436 |
| | ] | Judge Trauger |
| SHARON TAYLOR, WARDEN | ] | |
| Respondent. | ] | |


**O R D E R**

By an order (Docket Entry No.32) entered July 24,2013, the instant *pro se* § 2254 habeas corpus action was dismissed as untimely.

Since the entry of this order, the petitioner has filed a Motion to Reconsider (Docket Entry No.38) the dismissal.

In her Motion to Reconsider, the petitioner does not dispute the fact that her habeas corpus petition was not filed in a timely manner. Rather, she claims that she is entitled to an equitable tolling of the limitation period, sufficient to allow the Court to reach the merits of her claims. More specifically, the petitioner argues that she is entitled to equitable tolling because she did not have access to an adequate law library or someone who could help her prepare the petition.

In an earlier pleading, the petitioner alleged an entitlement to equitable tolling based upon a mental impairment and the

discovery of new evidence. *See* Docket Entry No.31 at pgs.1-2. At that time, she did not mention a problem with the adequacy of the prison's law library or inmate legal assistance. She has apparently abandoned that position and is now asserting that she was unable, due to her ignorance of the law, to prepare and file a timely habeas corpus petition.

A habeas petitioner is presumed to have knowledge of the limitation period because it is statutory and the subject of published case law. Allen v. Yukins, 366 F.3d 396, 402 (6th Cir. 2004). Ignorance of the law, standing alone, is not sufficient to warrant equitable tolling of the applicable limitation period. *Id.* at pg. 403.

Accordingly, the Court finds no merit in the petitioner's Motion to Reconsider. Said Motion, therefore, is hereby DENIED.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge